# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Saybrook Marketing Group, Inc. | ) |
| Plaintiff, | ) |
| | ) Case No. 00C 2557 |
| v. | ) |
| | ) JUDGE ZAGEL |
| General Electric Capital Business Asset Funding, Corp. | ) MAGISTRATE JUDGE ROSEMOND |
| Defendant. | ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendant General Electric Capital Business Asset Funding Corporation ("General Electric Capital"), by its attorneys, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action to the United States District Court for the Northern District of Illinois from the Circuit Court of Cook County, Illinois, Third Municipal District. In support of removal, General Electric states as follows:

1. Plaintiff Saybrook Marketing Group, Inc. filed a Complaint at Law ("Complaint") on March 31, 2000 in the Circuit Court of Cook County, Illinois, Third Municipal District (No. 00M3001046). The Complaint and accompanying Summons (attached hereto as Exhibit A) were served on General Electric Capital on April 5, 2000. This Notice of Removal is filed within 30 days after General Electric Capital's receipt of the Summons and Complaint.

2. The amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff's prayers for relief contain express ad damnum clauses seeking $76,950.00 (and thus Local Rule 81.2 does not apply).

3. Plaintiff is an Illinois corporation with its principal place of business in the Village of Palatine, Illinois. Compl., ¶ 1. Plaintiff is therefore a citizen of the state of Illinois. 28 U.S.C. § 1332(c).

4. General Electric Capital is a Delaware corporation with its principal place of business in Bellevue, Washington. Compl., ¶ 2. General Electric Capital is therefore a citizen of the states of Delaware and Washington. 28 U.S.C. § 1332(c).

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332(a), since there is complete diversity of citizenship between plaintiff and General Electric Capital, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Removal of this action is proper pursuant to 28 U.S.C. § 1332.

6. A copy of this notice is being filed promptly with the Circuit Court of Cook County, Third Municipal District, in accordance with 28 U.S.C. § 1446(d). The Circuit Court of Cook County, Third Municipal District is located within the jurisdiction of this Court.

WHEREFORE, General Electric Capital removes this action from the Circuit Court of Cook County, Third Municipal District to the United States District Court for the Northern District of Illinois.

Respectfully submitted,

By: _____
One of the attorneys for General Electric Capital Business Asset Funding Corp.

Ellen S. Robbins
Chris S. Niewoehner
SIDLEY & AUSTIN
Bank One Plaza
10 S. Dearborn Street
Chicago, Illinois 60603

Dated: April 27, 2000

# EXHIBIT A

(12/28/94) CCMD 0012B-3

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
THIRD MUNICIPAL DISTRICT

Name All Parties

SAYBROOK MARKETING GROUP, INC.
plaintiff-

v.

GENERAL ELECTRIC CAPITAL BUSINESS
ASSET FUNDING CORP.,
defendant-

No. **00M3001046**

Amount Claimed $ ...76,950.00

Return Date ... MAY 1. 2000

Time ..... 9:00 A. M.

## SUMMONS

PLEASE SERVE:

G.E. Capital Bus. Asset Funding
c/o CT Corporation System
208 S. LaSalle St.
Chicago, IL 60604

To each defendant:

YOU ARE SUMMONED and required:

1. To file your written appearance by yourself or your attorney and pay the required fee in Room 121 at 2121 Euclid, Rolling Meadows, Illinois on ...... MAY 1. 2000 ........, 19..... before 9:00 A. M. on that date; and then immediately thereafter at 9:00 A.M. appear in person or by your attorney in Room 206 on Return Day.

2. To file your answer to the complaint in Room 121 before 9:00 A. M. as required by the applicable subsections of Paragraph 3 or 4 in the NOTICE TO THE DEFENDANT on the reverse side.

**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.**

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service, and not less than 3 days before the day for appearance. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 3 days before the day of appearance.

Apperance Fee:
If claim is:
$1500 or less   $69.00
Over $1500     $89.00
Over $15,000   $104.00

Witness: AURELIA PUCINSKI MAR 3 1 2000

..................................
Clerk of Court

Date of Service: ........................,19....
(To be inserted by officer on copy left with defendant or other person)

Name      O'Donnell & Associates, Ltd.
Attorney for  Plaintiff
Address   1515 Woodfield Rd., Suite 880
City      Schaumburg, IL 60173
Telephone (847) 413-9500
Atty. No. 12321

** Service by Facsimile Transmission will be accepted at: .........................

(12/28/94) CCMD 0012B-3

## NOTICE TO PLAINTIFF

You MUST select a return day of:
Not less than 28 or more than 40 days after issuance of summons if amount claimed is $2500 or less; not less than 21 or more than 40 days after issuance of summons if amount claimed is in excess of $2500.

## NOTICE TO DEFENDANT

1. This case may be heard on the day for appearance specified in the summons.

2. If the complaint is notarized, your answer must be notarized.

3. On the specified Return Day, the following will occur:

   a. If you are sued for $2500 or less, you need not file an answer unless ordered to do so by the court.

      (1) If Plaintiff is not present, the case will be dismissed for want of prosecution.

      (2) If you have not filed an appearance, or you have filed an appearance and are not present, the Plaintiff may obtain an exparte default judgment against you for the amount claimed.

      (3) If you have filed an appearance and are present on Return Day, trial may be held that day, or may be set for another day certain.

   b. If you are sued for more than $2500, and if you have filed your appearance on time, you must file your answer not later than 10 days after the day for appearance specified above. If you filed your written appearance on or before Return Day, your case will be postponed 21 days to the Default-for Want-of Answer Call at 9:00 A.M. If you have filed your answer on time, you need not appear for the Default-for Want-of Answer Call. Your case will be postponed for trial on a date certain in a courtroom designated by the Presiding Judge. If you have not filed your appearance or answer on time, Plaintiff may obtain an exparte default judgment against you for the amount claimed. If plaintiff is not present for the Default-for Want-of-Answer call, the case will be dismissed for want of prosecution.

4. If the claim is for personal injury, or is a civil case in which plaintiff has filed a jury demand, you will be required to file your appearance in person or by attorney by Return Day and your answer as required by Par. 3(b) above. These cases will be assigned and heard in the Civil Jury Room 204 and 205 unless otherwise ordered by the Presiding Judge. Neither Plaintiff nor Plaintiff's attorney will be required to be present on return day, or on Default-for-Want-of Answer Call. The case will be set for STATUS at 9:00 A.M., 91 days after the Return Day. Plaintiff and Defendant will be required to appear in court on that status day.

5. Late filing of an appearance or answer will not relieve you from a judgment or default order except by court order.

6. Trial Rights of Property, Detinues, and Revivals of Judgment, Pro Se, and Forcible Detainer suits are returnable in Room 206 and are disposed of on a Return Day unless otherwise ordered by the court.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT – THIRD DISTRICT

| | |
|---|---|
| SAYBROOK MARKETING GROUP, INC., ) | |
| ) | No. 00M3001046 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| GENERAL ELECTRIC CAPITAL ) | |
| BUSINESS ASSET FUNDING CORP, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, SAYBROOK MARKETING GROUP, INC., by and through its attorneys, O'DONNELL & ASSOCIATES, LTD., complaining of the Defendant, GENERAL ELECTRIC CAPITAL BUSINESS ASSET FUNDING CORP., and in support thereof, states as follows:

### FACTS COMMON TO ALL COUNTS:

1. Plaintiff, Saybrook Marketing Group, Inc., is an Illinois corporation, in good standing, engaged in the business of financial brokerage, with its principal place of business located in the Village of Palatine, County of Cook, State of Illinois.

2. Defendant, General Electric Capital Business Asset Funding, is a Delaware corporation, in good standing, duly authorized to transact business in Illinois.

3. In or around February of 1998, Plaintiff, Saybrook Marketing Group, Inc. was approached by James R. Latta, President of Latco, Inc, a Florida based corporation. Mr. Latta inquired regarding the possibility of Saybrook Marketing Group, Inc. providing the necessary funding for financing the operation of eight (8) poultry "broiler" farms in the State of Florida. The parties understood that, in consideration for Plaintiff obtaining

loan commitments from potential lender(s) in order to procure the necessary funding for financing the operation of the eight (8) farms, Plaintiff would in return receive compensation for those services rendered.

4. The Plaintiff, Saybrook Marketing Group, Inc., and Mr. Latta had previously transacted business and had maintained their business relationship since approximately 1984.

5. On or around March of 1998, the Plaintiff and Latco, Inc., agreed that Saybrook Marketing Group would broker a financing transaction to provide the necessary funding for financing the operation of the eight (8) farms as requested by Latco, Inc.

6. Four (4) of the eight (8) farms to be funded by financing procured by Plaintiff were owned by individuals, Chris Primm and Roland Buchanan, respectively. Mr. Primm and Mr. Buchanan each owned two (2) of the farms to be funded by financing procured by Plaintiff, Saybrook Marketing Group, Inc.

7. On or around mid-1998 and early-1999, the Plaintiff obtained loan commitments from various venders and subsequently closed six (6) of the eight (8) broiler farm financing transactions.

8. On or around early-1999, two (2) of the six (6) broiler farms funded by the financing procured by Plaintiff were those owned by Chris Primm and Roland Buchanan, respectively. Mr. Primm and Mr. Buchanan each owned one (1) of the broiler farms that were funded by the financing procured by Plaintiff.

9. In or around early-1999, the two (2) farms that remained un-funded by the financing procured by Plaintiff were the other two farms owned by Chris Primm and

2

Roland Buchanan, respectively. Mr. Primm and Mr. Buchanan each owned one (1) of the broiler farms that still needed to be funded by the financing procured by Plaintiff.

10. Plaintiff, Saybrook Marketing Group, Inc., retained the services of Amembal Capital Corporation, in order to assist in the procurement of funding necessary for the final two (2) broiler farms of the transaction with Latco, Inc.

11. On or around early-1999, Amembal Capital Corporation contacted Defendant, General Electric Capital Business Asset Funding Corp., and submitted a request for the procurement of the necessary financing for the final two (2) broiler farms.

12. Included as part of the request submitted by Amembal Capital Corporation, were materials and documentation disclosing the financial and historical information specific to Roland Buchanan, as well as Buchanan Livestock. Amembal also disclosed financial and historical information specific to Chris Primm.

13. In or around mid-May, 1999, Defendant, General Electric Capital Business Asset Funding Corp., declined Amembal's request to finance the two final broiler farms.

14. Prior to General Electric Capital's declining the financing request, negotiations between Saybrook Marketing, Amembal, Latco, Inc., and General Electric Capital were amicable and positive, and all parties acknowledged the need to fund all eight (8) broiler farms, including the final two (2) belonging to Chris Primm and Roland Buchanan, respectively.

15. As a proximate result of General Electric Capital's declining the financing request, Plaintiff, Saybrook Marketing Group, Inc., as well as Amembal Capital

3

Corporation and Latco, Inc., suffered actual financial damages as well as damage to business relationships and reputation in the industry.

16. Subsequent to General Electric Capital's refusal to finance the two (2) broiler farms, General Electric Capital approached James R. Latta, President of Latco, Inc., and offered to provide the required financing for the same two (2) broiler farms, those owned by Chris Primm and Roland Buchanan, respectively.

17. General Electric Capital's offer to Latco, Inc. to fincance the two (2) broiler farms did not include or acknowledge Plaintiff, Saybrook Marketing Group, Inc., nor did it provide for any compensation to Saybrook Marketing for previously bringing together General Electric Capital, as lender, and Latco, Inc., Chris Primm, and Roland Buchanan. General Electric Capital's offer of financing was similar in every other respect to the offer tendered to General Electric Capital from Plaintiff, Saybrook Marketing Group in mid-May, 1999, including provisions unique to previous Saybrook Marketing/Latco, Inc. financial transactions.

18. The offer tendered by General Electric Capital to Latco, Inc. regarding the financing of the final two (2) broiler farms was subsequently approved by both companies and formalized into an agreement whereby General Electric Capital provided financing necessary for the final two (2) broiler farms. The final agreement did not provide for any compensation to Saybrook Marketing for previously bringing together General Electric Capital, Latco, Inc., Chris Primm, and Roland Buchanan

### COUNT I: QUANTUM MERUIT

19. Plaintiff restates the facts and allegations contained in Paragraphs 1 through 18 as though fully contained herein.

4

20. A broker is entitled to assert a claim for, and recover commissions under, the theory of quantum meruit. *Doss v. Kirk* (1956), 8 Ill.App.2d 536, 132 N.E.2d 49

21. A broker who is the procuring cause of a sale is entitled to a commission under the theory of quantum meruit where a party receives a benefit which is unjust for him to retain without paying for it. *Romanek-Golub & Company v. Anvan Hotel Corporation*, (1988) 168 Ill.App.3d 1031, 522 N.E.2d 1341.

22. The Court in *Romanek-Golub & Company*, held, inter alia:

"A broker's right to commission depends on whether the sale was procured through his efforts or through information derived from him, and cannot be defeated if the owner makes a sale himself. Citing *Edens View Realty & Investment, Inc. v. Heritage Enterprises* (1980), 87 Ill.App.3d 480, 485, 42 Ill.Dec. 360, 408 N.E.2d 1069

\*\*\*

Plaintiffs could not be deprived of their commission merely because defendants asked for and received permission to complete the negotiations without the direct involvement of plaintiffs, who had brought the parties together. Citing *Bennett & Kahnweiler Associates v. Ratner* (1985), 133 Ill.App.3d 316, 88 Ill.Dec. 530, 478 N.E.2d 1138; *Dickerson Realtors, Inc. v. Frewart* (1974), 16 Ill.App.3d 1060, 307 N.E.2d 445.

23. Plaintiff, Saybrook Marketing Group, Inc., was the procuring cause of the transaction consummated between General Electric Capital Business Asset Funding Corp and Latco, Inc.

5

24. Plaintiff has not been compensated for the services provided in bringing together Latco, Inc., and General Electric Capital.

25. Plaintiff has demanded compensation from General Electric Capital for the services rendered in connecting the two businesses for the funding of the eight (8) broiler farms.

26. General Electric Capital has failed and refused to compensate Plaintiff for said services rendered.

27. It would be unjust for Defendant, General Electric Capital, to retain the funds owed to Plaintiff for those services rendered related to the funding of the final two (2) broiler farms.

28. As a result of Defendants' failure to compensate Plaintiff, Plaintiff has incurred financial damages in the amount of $76,950.00.

WHEREFORE, the Plaintiff, Saybrook Marketing Group, Inc., prays that this Honorable Court enter judgment against Defendant, General Electric Capital Business Asset Funding Corp., and in favor of Plaintiff, Saybrook Marketing Group, Inc., for quantum meruit in the amount of $76,950.00, and for any further relief as this Court deems appropriate.

## COUNT II: INTERFERENCE WITH BUSINESS RELATIONS

29. Plaintiff restates the facts and allegations enumerated in Paragraphs 1 through 28, as though fully contained herein.

30. The elements of the tort of interference with business or contractual relations are set forth in *Zamouski v. Gerrard* (1971), 1 Ill.App.3d 890, 275 N.E.2d 429. These include: (1) the existence of a valid and enforceable contract between the plaintiff

6

and another; (2) the defendant's awareness of this contractual relation; (3) the defendant's intentional and unjustified inducement of a breach of the contract; (4) a subsequent breach by the other, caused by the defendant's wrongful conduct; and (5) damages. (*Zamouski*, supra, at 897, 275 N.E.2d 429.)

31. The elements of the tort of interference with prospective advantage are similar to the above, except that the plaintiff must have a reasonable expectancy of entering a valid business relationship, and defendant must purposely interfere and defeat this legitimate expectancy, thereby causing harm to the plaintiff. *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.* (1973), 16 Ill.App.3d 709, 713-14, 306 N.E.2d 549; see also Restatement (Second) of Torts s 766B (1977).

32. As stated above, Plaintiff had a valid contract with Latco, Inc. regarding the procurement of financing for the funding of eight (8) broiler farms in Florida.

33. Defendant, General Electric Capital Business Asset Funding Corp. knew that Plaintiff, Saybrook Marketing Group, Inc. had a pecuniary interest in the consummation of the financing arrangement between General Electric Capital and Latco, Inc., whereby General Electric Capital would provide the financing necessary for the final two (2) broiler farms.

34. The Defendant, General Electric Capital was aware of the existing business relations between Plaintiff, Saybrook Marketing Group, Inc., and Latco, Inc.

35. The above-referenced actions of Defendant, General Electric Capital, approaching Latco, Inc. regarding the financing of the final two (2) broiler farms, constitute intentional interference with business relations between the Plaintiff, Saybrook Marketing Group, Inc, and Latco, Inc.

7

36. As a direct and proximate result of General Electric Capital's intentional interference with business relations, Latco, Inc. accepted the offer from General Electric Capital for the financing of the final two (2) broiler farms.

37. Despite repeated demands by Plaintiff, General Electric Capital, has failed and refused to compensate Plaintiff for the services rendered in bringing together General Electric Capital and Latco, Inc. for the financing of the eight (8) broiler farms.

38. That as a direct and proximate result of Defendant's intentional interference with business relations, the Plaintiff has incurred contract damages in the amount of $76,950.00.

WHEREFORE, the Plaintiff, Saybrook Marketing Group, Inc., prays that this Honorable Court enter judgment against Defendant, General Electric Capital Business Asset Funding Corp., and in favor of Plaintiff, Saybrook Marketing Group, Inc., for interference with business relations in the amount of $76,950.00, and for any further relief as this Court deems appropriate.

Respectfully submitted,

SAYBROOK MARKETING GROUP, INC.
Plaintiff

By: _____
One of Their Attorneys

O'DONNELL & ASSOCIATES, LTD.
Attorneys for Plaintiff
1515 E. Woodfield Road, Suite 880
Schaumburg, IL 60173
(847) 413-9500 Fax 413-9504
Attorney No. 12321

8

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

### VERIFICATION BY CERTIFICATION

Under penalties of perjury as provided by law pursuant to Section 1-109 of the Code of Civil Procedure (Ill. Rev. Stat., Ch. 110, §1-109), the undersigned certifies that the statements set forth in this document are true and correct, except as to matters therein stated to be on information and belief, and as to those such matters, the undersigned certifies as aforesaid that he verily believes the same to be true.

DATED: _____      BY: _____
                                Kevin O'Donnell

O'DONNELL & ASSOCIATES, LTD.
Attorneys for Plaintiff
1515 E. Woodfield Road, Suite 880
Schaumburg, IL 60173
(847) 413-9500 Fax 413-9504
Attorney No. 12321

9

## CERTIFICATE OF SERVICE

Chris S. Niewoehner, an attorney, hereby certifies that he caused a copy of the foregoing Notice of Removal to be served by Federal Express on the following counsel of record:

> Kevin O'Donnell
> O'Donnell & Associates, Ltd.
> 1515 E. Woodfield Road, Suite 880
> Schaumburg, Illinois 60173

on April 27, 2000.

*/s/ Chris Niewoehner*

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
SAYBROOK MARKETING GROUP, INC.

**DEFENDANTS**
GENERAL ELECTRIC CAPITAL BUSINESS ASSET FUNDING CORP.

JUDGE ZAGEL
MAGISTRATE JUDGE ROSEMOND

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Cook
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

DOCKETED MAY 01 2000

00C 2557

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Kevin O'Donnell/O'Donnell & Associates, Ltd.
1515 E. Woodfield Rd., Suite 880
Schaumburg, IL 60173
(847) 413-9500

ATTORNEYS (IF KNOWN)
Ellen S. Robbins/Sidley & Austin
Bank One Plaza, 10 S. Dearborn St.
Chicago, IL 60603
(312) 853-7000

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | **PERSONAL INJURY** | **LABOR** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 362 Personal Injury — Med. Malpractice | ☐ 710 Fair Labor Standards Act | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 365 Personal Injury — Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 368 Asbestos Personal Injury Product Liability | **SOCIAL SECURITY** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | **PERSONAL PROPERTY** | ☐ 861 HIA (1395ff) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 370 Other Fraud | ☐ 862 Black Lung (923) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 371 Truth in Lending | ☐ 863 DIWC/DIWW (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☒ 380 Other Personal Property Damage | ☐ 864 SSID Title XVI | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 385 Property Damage Product Liability | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | **PRISONER PETITIONS** | **FEDERAL TAX SUITS** | |
| | | ☐ 510 Motion to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | |
| | | **Habeas Corpus:** | ☐ 740 Railway Labor Act | |
| | | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 |
| | | ☐ 540 Mandamus & Other | | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
Removal under 28 U.S.C. §1332 in action for unjust enrichment and interference with business relations

**VII. REQUESTED IN COMPLAINT**
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23
DEMAND $ $76,950.00
CHECK YES only if demanded in complaint
JURY DEMAND: ☐ YES ☒ NO

**VIII.** This case ☒ is not a refiling of a previously dismissed action.
☐ is a refiling of case number _____, previously dismissed by Judge _____

DATE: 4-27-00
SIGNATURE OF ATTORNEY OF RECORD: [signature]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

In the Matter of  SAYBROOK MARKETING GROUP, INC.

v.

GENERAL ELECTRIC CAPITAL BUSINESS
ASSET FUNDING CORP.

Case Number: **00C 2557**

**JUDGE ZAGEL**

MAGISTRATE JUDGE ROSEMOND

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

General Electric Capital Business Asset Funding Corp.

| (A) | (B) |
|---|---|
| SIGNATURE *[signed]* | SIGNATURE *[signed]* |
| NAME Ellen S. Robbins | NAME Christopher S. Niewoehner |
| FIRM Sidley & Austin | FIRM Sidley & Austin |
| STREET ADDRESS Bank One Plaza, 10 S. Dearborn St. | STREET ADDRESS Bank One Plaza, 10 S. Dearborn St. |
| CITY/STATE/ZIP Chicago, IL 60603 | CITY/STATE/ZIP Chicago, IL 60603 |
| TELEPHONE NUMBER (312) 853-7000 | TELEPHONE NUMBER (312) 853-7000 |
| IDENTIFICATION NUMBER 6207539 | IDENTIFICATION NUMBER 6243575 |
| MEMBER OF TRIAL BAR? YES ☐ NO ☒ | MEMBER OF TRIAL BAR? YES ☐ NO ☒ |
| TRIAL ATTORNEY? YES ☐ NO ☒ | TRIAL ATTORNEY? YES ☐ NO ☒ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☒ |

DOCKETED MAY 01 2000